1 | **Robert C. Pearman, Jr., Esq.**
rpllp@znet.com

2 | Tel (213) 533-4125
Fax (213) 533-4126

3 | Gerald Greene, Esq.
**gergreene@earthlink.net**

4 | Tel (213) 996-5454
Fax (213) 996-5453

5 | ROBINSON & PEARMAN LLP
555 West 5th Street, 31st Floor

6 | Los Angeles, California 90013

7 | **David W. Sherman, Esq.**, PRO HAC VICE
dsherman@kite.com

8 | CROWELL ING, LLP
1313 Mill Street, Suite 200

9 | Salem, Oregon 97308

10 | Attorneys for Plaintiff KING TUNA, INC.

11 | **James W. Miller, Esq.**
jmiller@mpglaw.com

12 | MUSICK, PEELER & GARRETT, LLP
One Wilshire Boulevard, Suite 2000

13 | Los Angeles, California 90017
Tel (213) 699-7808

14 | Fax (213) 624-1376

15 | Attorneys for Defendant ANOVA FOOD, INC.

16 | **UNITED STATES DISTRICT COURT**

17 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KING TUNA, INC., a California corporation, | Case No. CV 07-7451 ODW (JWJx) |
| Plaintiff, | **ORDER RE: STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| vs. | |
| ANOVA FOOD, INC, a Georgia corporation, | **NOTE: CHANGES MADE BY THE COURT IN BOLD** |
| Defendant. | |

**ORDER RE: STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1    Having read and considered the Stipulated Confidentiality Agreement and

2  Protective Order attached hereto as Exhibit "A", IT IS SO ORDERED that the

3  parties be bound to the terms therein stipulated.  **The Court and its personnel are**

4  **not subject to any of the provisions in the Stipulated Confidentiality Agreement**

5  **and Protective Order.**

6

7  Dated: July 17, 2008

8  
                        **/s/**

                  Jeffrey W. Johnson,

         United States Magistrate Judge

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Exhibit "A"

1 | **Robert C. Pearman, Jr., Esq.**
rpllp@znet.com
2 | Tel (213) 533-4125
Fax (213) 533-4126
3 | **Gerald Greene, Esq.**
gergreene@earthlink.net
4 | Tel (213) 996-5454
Fax (213) 996-5453
5 | ROBINSON & PEARMAN LLP
555 West 5th Street, 31st Floor
6 | Los Angeles, California 90013

7 | **David W. Sherman, Esq.**, PRO HAC VICE
dsherman@kite.com
8 | CROWELL ING, LLP
1313 Mill Street, Suite 200
9 | Salem, Oregon 97308

10 | Attorneys for Plaintiff KING TUNA, INC.

11 | **James W. Miller, Esq.**
jmiller@mpglaw.com
12 | MUSICK, PEELER & GARRETT, LLP
One Wilshire Boulevard, Suite 2000
13 | Los Angeles, California 90017
Tel (213) 699-7808
14 | Fax (213) 624-1376

15 | Attorneys for Defendant ANOVA FOOD, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING TUNA, INC., a California corporation, | Case No. CV 07-7451 ODW (JWJx) |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| vs. | |
| ANOVA FOOD, INC, a Georgia corporation, | |
| Defendant. | |

# STIPULATED CONFIDENTIALITY AGREEMENT
# AND PROTECTIVE ORDER

The above-captioned action ("the Action") may involve the disclosure of confidential, proprietary, and trade secret information.  To protect such information, King Tuna, Inc. and Anova Food, Inc. ("the parties"), by and through their counsel, hereby stipulate and agree to abide by the terms of this Confidentiality Agreement and request the entry of this agreement as a Protective Order governing the parties and those privy to the information subject to this agreement.

The parties agree:

1.     All documents, materials, items, testimony, and/or information that contains or is comprised of confidential information; which includes, but is not limited to, confidential research and development, proprietary information produced by a party, and/or proprietary information produced by a non-party to or for any of the parties; shall be governed by this Confidentiality Agreement.

2.     Any information or materials produced by one of the parties, or a non-party, as part of discovery in this action may be designated by any party or non-party as (1) "Confidential" or (2) "Highly Confidential - Attorneys' Eyes Only" under the terms of this Confidentiality Agreement, whether or not the designating party produced the information or materials.

3.     Information or materials may be designated as "Confidential" if one of the parties or a non-party has a good faith belief that the item so designated constitutes a trade secret or other confidential or proprietary technical, financial, development, or commercial information, within the meaning of Rule 26(c)(1)(G)

2

1   of the Federal Rules of Civil Procedure, including, without limitation, information

2   which concerns or relates to: processes, business plans or methods, operations, type

3   of work, apparatus, production, processing, treatment, importation, sales,

4   shipments, purchases, transfers, identification of customers, suppliers or processors,

5   inventories, amount or source of any income, profits, losses, and/or costs or

6   expenditures of any persons, firm, partnership, corporation, or other organization.

7       4.      Absent a specific order by the Court or agreement of the designating

8   party, once designated as "Confidential," such designated information (or extracts

9   therefrom and compilations and summaries thereof) shall be only used by the

10  persons identified in Paragraph 9 solely for this Action, and not for any business,

11  competitive, legal, governmental purpose or function, or any other purpose, and

12  such information shall not be disclosed to anyone, except as provided herein.

13      5.      Information or materials may be designated as "Highly Confidential -

14  Attorneys' Eyes Only" if a party or a non-party has a good faith belief that the item

15  so designated is of such a highly confidential and/or proprietary nature that the risk

16  of improper use arising from disclosure to another party clearly outweighs the right

17  of that party to review items produced in this action, and embodies information of

18  the kind whose confidentiality is properly protected under Rule 26(c) of the Federal

19  Rules of Civil Procedure.

20      6.      Absent a specific order by the Court or agreement by the designating

21  party, once designated as "Highly Confidential – Attorneys' Eyes Only", such

22  designated information (or extracts therefrom and compilations and summaries

23  thereof) shall be only used by the persons identified in Paragraph 10 solely for this

24  Action, and not for any business, competitive, legal, governmental purpose or

3

1  function, or any other purpose, and such information shall not be disclosed to

2  anyone, except as provided herein.

3      7.    All other information produced or made available pursuant to any

4  exchange of information in this Action shall be used solely to directly further the

5  claims or defenses of the parties, and not for any other purpose.

6      8.    The designation of information or material as "Confidential" or

7  "Highly Confidential - Attorneys' Eyes Only," for purposes of this Confidentiality

8  Agreement, shall be made in the following manner by the party or non-party

9  seeking protection:

10     A.    In the case of documents, exhibits, briefs, memoranda, interrogatory

11  responses, responses to requests for admission, or other materials (apart from

12  depositions or other pretrial or trial testimony): by affixing, as appropriate,

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

14  ONLY," or similar legend, to each page containing any confidential information or

15  material at the time such documents are produced or such information is disclosed,

16  or within ten (10) days of production or disclosure of such confidential information

17  or material in the event the party or non-party seeking protection becomes aware of

18  the confidential nature of the information or material disclosed subsequent to the

19  date the information or material was disclosed or produced.  In no event shall the

20  confidentiality legend interfere with the legibility of information contained in a

21  document;

22     B.    Documents designated as "Confidential" or "Highly Confidential" may

23  be made available for inspection prior to the stamping or labeling of them as such;

24

1   however, such documents must be labeled or stamped as "Confidential" or "Highly

2   Confidential" prior to providing copies to counsel for the inspecting party; and

3          C.      In the case of depositions, by written notice of such designation sent by

4   counsel to all parties within thirty (30) days after the delivery to counsel of the

5   transcript of the deposition.  However, during a deposition, the deponent or his

6   counsel, or any other counsel of record present at the deposition, may invoke the

7   provisions of this Confidentiality Agreement in a timely manner, giving adequate

8   warning to counsel for the party or non-party that testimony about to be given or

9   just given is deemed "Confidential" or "Highly Confidential-Attorneys' Eyes

10  Only."  The parties may modify this procedure for any particular deposition or

11  proceeding through agreement on the record at such deposition or proceeding or by

12  written stipulation, without further order of the Court.  The party or non-party

13  invoking this provision may require the exclusion of certain persons from the

14  deposition as appropriate and may also direct the court reporter to mark the

15  transcript portion as "Confidential" or "Highly Confidential – Attorneys' Eyes

16  Only," as appropriate.

17         9.      Information or material designated as "Confidential," or copies or

18  extracts therefrom and compilations and summaries thereof, may be disclosed,

19  summarized, described, characterized, or otherwise communicated or made

20  available, in whole or in part, only to the Court, pursuant to Paragraph 14 herein,

21  and the following persons, only after they are informed of this Confidentiality

22  Agreement and agree in writing to abide by its provisions:

23

24

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1       A.    Counsel of record for the parties to this Action and counsels'

2   employees whose function, in connection with this Action, requires access to such

3   material;

4       B.    Employees of the parties and their agents, whose assistance is needed

5   by counsel of record for the purposes of this Action pursuant to the provisions of

6   Paragraph 12 herein;

7       C.    Consultants, as defined in Paragraph 11 herein and pursuant to the

8   provisions of Paragraph 12 herein;

9       D.    Court reporters and court reporting staff employed in connection with

10  this action;

11      E.    Professional graphics or design services retained by counsel of record

12  for a party, for purposes of preparing demonstrative or other exhibits for deposition,

13  trial or other proceedings in this action, and professional translation services

14  retained by counsel of record for a party for purposes of this Action;

15      F.    Professional copy services retained by counsel of record for a party for

16  purposes of this Action, and

17      G.    Any other person, only upon written consent of the party producing the

18  confidential information or material, or otherwise upon order of the Court.

19      Each such person, referenced in subparagraphs B, C, E and G above, who is

20  designated to receive "Confidential" material shall, prior to receipt of such material,

21  execute an agreement in the form attached hereto as Appendix A.

22      10.    Information or material designated as "Highly Confidential -

23  Attorneys' Eyes Only," or copies or extracts therefrom and compilations and

24  summaries thereof, may be disclosed, summarized, described, characterized, or

6

otherwise communicated or made available, in whole or in part, only to the Court, pursuant to Paragraph 14 herein, and the following persons, only after they are informed of this Confidentiality Agreement and agree in writing to abide by its provisions:

A.     Counsel of record for the parties to this Action and counsels' employees whose function, in connection with this Action, requires access to such material;

B.     Consultants, as defined in Paragraph 11 herein and pursuant to the provisions of Paragraph 12 herein;

C.     Court reporters and court reporting staff employed in connection with this action;

D.     Professional graphics or design services, retained by counsel of record for a party for purposes of preparing demonstrative or other exhibits for deposition, Action or other proceedings in this action, and professional translation services retained by counsel of record for purposes of this Action;

E.     Professional copy services retained by counsel of record for a party for purposes of this Action, and

F.     Any other person, only upon written consent of the party producing the confidential information or material, or otherwise upon order of the Court.

Each such person referenced in subparagraphs B, D, and F above, and who is designated to receive "Highly Confidential" material shall, prior to receipt of such material, execute an agreement in the form attached hereto as Appendix A.

11.     Consultants

7

A.     For purposes of Paragraphs 9 and 10 herein, a consultant shall be defined as a person who is not an employee of a party, its competitors, nor any of their suppliers, customers or affiliates, nor is anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this Action, whether full-time or part-time, by or at the direction of counsel for a party.

B.     However, if a party believes that a person should be able to serve as a consultant or expert, notwithstanding the fact that the person is an employee of a party, its competitors, or any of their suppliers, customers or affiliates, or is anticipated to become an employee in the near future, the party shall, on a showing of good cause, follow the procedure in Paragraph 12 below for obtaining approval for the affiliated consultant to have access to "Confidential" and "Highly Confidential" documents.

12.     The procedure for having a consultant, party employee, or party agent approved for access to information or materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be as follows:

A.     The party seeking to have a consultant, as defined in Paragraph 11 herein, party employee, or party agent approved shall provide the opposing party with a current resume or curriculum vitae of such person, which shall include a description of past and present employers, persons or entities with whom the consultant party employee, or party agent has been engaged in any relationships in the food industry and any related industries (including, but not limited to, industries related to any aspect of the treatment, processing, smoking, preservation, storage, sale, promotion, manufacture, importing, or distribution of food; or any material,

8

1    supply, invention, or equipment related to any of the above listed subjects) and a

2    copy of a completed and signed undertaking in the form attached hereto as Exhibit

3    A. This procedure shall not constitute waiver of any work product privilege,

4    including as to non-testifying consultants.

5         B.    Within ten (10) business days after facsimile receipt or hand delivery

6    of the information and signed undertaking described in subparagraph A by the party

7    seeking approval, the opposing party may object to the person proposed for

8    approval. Any such objection must include a statement of the basis for objection.

9         C.    If the opposing party so objects, the parties shall, within three (3)

10   business days from the date of facsimile receipt or hand delivery of the notice of

11   objection, make a good faith attempt to resolve the dispute. At that conference, the

12   objecting party shall inform the party requesting approval of its reasons for

13   objecting to the designated person. If the parties cannot resolve the dispute, or if

14   the conference does not take place, then, within five (5) days from the date of the

15   conference or within ten (10) days from the date of the facsimile receipt or hand

16   delivery of notice of objection, the party wishing to disclose the information may

17   move the Court for an order that access to information designated "Confidential" or

18   "Highly Confidential - Attorneys' Eyes Only" be granted to the designated person.

19   Such motions shall be brought pursuant to the terms of Local Rules 7-3 through 7-

20   18. Until the dispute is resolved by the Court, the consultant shall not be treated as

21   a person authorized to view "Confidential" or "Highly Confidential – Attorneys'

22   Eyes Only" documents. These time periods do not restrict either party from moving

23   for an earlier Court order, if the circumstances so require.

24

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

D.  An affiliated consultant, under Paragraph 11.B, shall be submitted only on a showing of good cause; the burden of proof to show why access should be granted shall be on the moving party.

13.  Any person who is not otherwise qualified under Paragraph 9 or 10 to view information or material designated as (a) "Confidential" or (b) "Highly Confidential – Attorneys' Eyes Only," respectively, may be examined as a witness, at trial or during a deposition, concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action.  During examination, any such witness may be shown information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a party which appears on its face or from other documents or testimony to have been received, authored or communicated to such person during the relevant time frame at issue during the deposition of that witness.

14.  By application to the Court, documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" to be filed with the pleadings or as evidence shall be filed under seal.  Such information shall be delivered sealed to the Court, and shall not be available to the public or anyone not authorized under this Confidentiality Agreement.  Pleadings, memoranda or other papers containing information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" (or extracts therefrom and compilations and summaries thereof) shall be filed in sealed envelopes marked with the case name and number of this action, the title of the

10

document containing the information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and a statement substantially in the following form:

[CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY] UNDER CONFIDENTIALITY AGREEMENT

THIS DOCUMENT IS SUBJECT TO A CONFIDENTIALITY AGREEMENT ISSUED BY THE COURT.  THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE CONFIDENTIALITY AGREEMENT.

15.    No person or party receiving any document, information or material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Confidentiality Agreement shall disclose such to anyone not otherwise permitted under this Confidentiality Agreement, and all such disclosures shall be pursuant to the terms and procedures provided herein.

16.    This Confidentiality Agreement has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure, by a party, of documents, information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independent of any proceedings in this action unless such documents, information

1  or material have been sealed or are subject to a protective order of another

2  proceeding, or which:

3       A.    Was already known to such party by lawful means prior to acquisition

4  from, or disclosure by, the other party in this action, other than through a non-

5  disclosure, confidentiality or similar agreement;

6       B.    Is or becomes publicly known through no fault or act of such party; or

7       C.    Is rightfully received by such party from a third party, which has

8  authority to provide such information or material without restriction as to disclosure

9  unless such documents, information or material have been sealed or are subject to a

10  protective order of another proceeding,.

11      17.   If a party inadvertently produces information designated as

12  "Confidential" or "Highly Confidential - Attorneys' Eyes Only," without marking it

13  as such, the producing party shall promptly, upon discovery of such inadvertent

14  disclosure, inform the receiving party in writing and the receiving party shall

15  thereafter treat the document, material or information as "Confidential" or "Highly

16  Confidential" material (depending on which of those designations the producing

17  party deems appropriate) under this Order.  To the extent such document, material

18  or information may have been disclosed to persons other than those authorized in

19  this Order, the receiving party shall make every reasonable effort to retrieve the

20  document, material or information promptly from such persons and to limit any

21  further disclosure to non-authorized persons and to obtain a copy of a completed

22  and signed undertaking in the form attached hereto as Exhibit A from the non-

23  authorized persons.  If a producing party inadvertently discloses to a receiving party

24  information that is privileged or otherwise immune from discovery, the producing

party shall promptly, upon discovery of such inadvertent disclosure, advise the receiving party in writing and request that the item or items of information be returned.   It is further agreed that the receiving party will return inadvertently produced item(s) of information and all copies thereof within ten (10) business days of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information, whichever is earlier.   The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

18.   The terms of this Confidentiality Agreement shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

19.   For good cause, each of the parties hereto shall be entitled to seek modification of this Confidentiality Agreement by application to the Court on notice to the other party hereto.

20.   This Confidentiality Agreement shall not prejudice the right of any party to bring before this Court, at any time, the question whether any particular information is or is not "Confidential" or "Highly Confidential," whether such information is properly categorized, or whether disclosure during motion practice or at trial in open court is nevertheless necessary in the interest of justice.  The parties shall meet and confer in a good faith effort to informally resolve confidentiality, categorization, use, or maintenance issues prior to the filing of any motions requesting resolution of such issues.  Where resolution cannot be reached, counsel

13

1  for either party shall have the right to move the Court for appropriate relief without

2  prejudice, based on the existence of any prior or existing Confidentiality

3  Agreement.  Such motions shall be brought pursuant to the terms of Local Rules 7-

4  3 through 7-18.   In such case, all parties shall continue to comply with the

5  procedures associated with the categorization as required herein, either (a) until

6  obtaining written approval of the disclosing party for other use or (b) upon order of

7  Court granting the motion and/or permitting other use.

8      21.    If information submitted in accordance with the terms of this

9  Confidentiality Agreement is disclosed to any person in a manner not authorized by

10  this Confidentiality Agreement, the party responsible for the disclosure must

11  immediately bring all pertinent facts relating to such disclosure to the attention of

12  the submitter of the information and the Court, and, without prejudice to other

13  rights and remedies of the submitter of the information, make every effort to

14  prevent further disclosure of such information by the party or the recipient of such

15  information.

16      22.    The provisions of this Confidentiality Agreement shall, absent written

17  permission of the producing party or further order of the Court, continue to be

18  binding throughout and after the conclusion of this action, including without

19  limitation any appeals therefrom.  Within sixty (60) days after receiving notice of

20  the entry of an order finally disposing of this action, including any appeals

21  therefrom, all persons having received information or material designated as

22  "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder shall

23  destroy such material and all copies thereof including summaries and excerpts.

24  Such destruction shall be certified by each party in writing.  Alternately, at the

14

1   option of the producing party and at that party's expense, a party may request all

2   "Confidential" materials it produced be returned for its own disposition.  Counsel of

3   record described in Paragraphs 9.Aand 10.Aabove shall be entitled to retain one

4   copy of each document designated as "Confidential" or "Highly Confidential –

5   Attorneys' Eyes Only" for reference in the event of disputes over the use or

6   dissemination of information designated as such, including, but not limited to, court

7   papers, deposition and trial transcripts and attorney work product.

8       23.   This Agreement shall not abrogate or diminish any contractual,

9   statutory, or other legal obligation or right of any party or person, nor obligate any

10  party or person to provide any discovery to which it asserts objections, except

11  where the objection is based solely on confidentiality, as contemplated herein.

12      24.   All photographs taken by or on behalf of the parties pursuant to any

13  ordered inspection shall be made by digital camera and all of the pictures taken

14  shall be transmitted to the other party by within twelve (12) days after being taken.

15  The E-mail transmission of the photos shall bear the notice "Highly Confidential –

16  Attorneys' Eyes Only", and reproduction of the photos shall bear the same notice.

17  The photos are not to be used in any other proceeding or for any other purpose than

18  this Action.

19      25.   All discovery provided by either party, regardless of any designation,

20  shall be used exclusively and solely for the legitimate furtherance any claims or

21  defenses in this Action.

22      26.   Notwithstanding the above, any samples of smoke taken by or on

23  behalf of a party from a providing party shall bear one of the confidentiality notices

24  described above as required by the providing party from whom the smoke is taken.

15

The party receiving the smoke shall not use the smoke for any purpose except as directly related the parties' claims and defenses in the Action.  The contents of the smoke and all reference to the smoke are to be held in confidence by the receiving party in accordance with this protective order.

Dated: July _16_, 2008

_____

Robert C. Pearman, Jr., Esq.
Gerald Greene, Esq.
David W. Sherman, Esq.

Attorneys for Plaintiff KING TUNA, INC.

Dated: July _____, 2008

_____

James W. Miller, Esq.

Attorneys for Defendant ANOVA FOOD, INC.

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The party receiving the smoke shall not use the smoke for any purpose except as directly related the parties' claims and defenses in the Action.  The contents of the smoke and all reference to the smoke are to be held in confidence by the receiving party in accordance with this protective order.


Dated: July _____, 2008

 

_____
Robert C. Pearman, Jr., Esq.
Gerald Greene, Esq.
David W. Sherman, Esq.

Attorneys for Plaintiff KING TUNA, INC.


Dated: July _10_, 2008

 

_____
James W. Miller, Esq.

Attorneys for Defendant ANOVA FOOD, INC.

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1  The party receiving the smoke shall not use the smoke for any purpose except as

2  directly related the parties' claims and defenses in the Action.  The contents of the

3  smoke and all reference to the smoke are to be held in confidence by the receiving

4  party in accordance with this protective order.

5

6  Dated: July _____, 2008

7

8                                      _____
                                       Robert C. Pearman, Jr., Esq.
                                       Gerald Greene, Esq.
9                                      David W. Sherman, Esq.

                                       Attorneys for Plaintiff KING TUNA, INC.
10

11

12
   Dated: July _____, 2008
13

14                                     _____
                                       James W. Miller, Esq.
15
                                       Attorneys for Defendant ANOVA FOOD,
16                                     INC.

17

18

19

20

21

22

23

24

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

EXHIBIT A

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT**

The undersigned, _____, (print or type name) hereby acknowledges that he/she received a copy of the Confidentiality Agreement entered in the arbitration action titled King Tuna, Inc. v. Anova Food, Inc., Case No. CV 07-7451 ODW (JWJx), pending before the United States District Court for the Central District of California, has read same and agrees to (1) be bound by all of the provisions thereof, (2) submits to the jurisdiction of the United States District Court for the Central District of California in this matter solely for matters relating to this Confidentiality Agreement (such as enforcement, interpretation, or sanctions), and (3) hereby appoints _____, (print or type name) at _____ (print or type address), as his/her agent for service of process in connection with this Confidentiality Agreement.

Dated: _____          _____

17