O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-7451 ODW (JWJx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | *King Tuna, Inc. v. Anova Food, Inc.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):** Order GRANTING Plaintiff King Tuna's Motion for Reconsideration [153]; Order GRANTING Defendant Anova Food, Inc.'s Ex Parte Application to Continue the PreTrial Conference and Trial Dates [158].

On January 28, 2009, this Court granted in part and denied in part Defendant Anova Food, Inc.'s ("Anova") Motion for Summary Judgment [108, 152].[1]  Plaintiff King Tuna, Inc. ("King Tuna") now moves the Court to reconsider section II(A)(2) of its January 28, 2009 Order, which limited King Tuna's available remedies.  Also filed, under separate cover, is Anova's Ex Parte Application to continue the scheduled pretrial and trial dates, or in the alternative, Motion on Five Days' Notice to Continue Pretrial Conference pursuant to Local Rule 16-9.  The matters have been fully briefed and the Court has heard oral argument.  For the following reasons, King Tuna's Motion for Reconsideration is GRANTED and Anova's ex parte application is GRANTED.

## King Tuna's Motion for Reconsideration

In this district, a motion for reconsideration is governed by Local Rule 7-18.  It states:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not

---

[1] Also ruled upon in the same Order, but not subject to reconsideration, were Anova's Motion to Dismiss [104] and Anova's Motion for Partial Summary Judgment as to its counterclaims [109].

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7451 ODW (JWJx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | *King Tuna, Inc. v. Anova Food, Inc.* | | |

have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

By its January 28, 2009 Order, the Court limited the type of damages King Tuna could recover in its false advertising claims against Anova.  Specifically, to the extent it sought to recover actual, compensatory damages from Anova, the Court found King Tuna unable to present a triable issue of fact as to whether it was harmed or injured.  (Order at 10.)  King Tuna's equitable right to injunctive relief and to recover, subject to proof, Anova's profits, however, were unaffected by the Court's ruling.  *See* (Order at 10-11.)  Underlying the Court's conclusion to limit King Tuna's recoverable damages was the Court's exclusion of Christian Tregillis's signed but unsworn expert report.  (Order at 10.)  The Court reasoned:

> It is well-settled that under Fed. R. Civ. P. 56(e), unsworn expert reports are not admissible to support or oppose summary judgment.  *Shuffle Master, Inc. v. MP Games LLC*, 553 F. Supp. 2d 1202, 1210-11 (D. Nev. 2008) (citations omitted).  In order to be competent summary judgment evidence, an expert report must be sworn to or otherwise verified, usually by a deposition or affidavit.  *See, e.g., Capobianco v. City of New York*, 422 F.3d 47, 55 (2d Cir. 2005).  Furthermore, insofar as courts have generally held that this problem may be remedied after it is identified, *see Maytag Corp. v. Electrolux Home Prods., Inc.*, 448 F. Supp. 2d 1034, 1043 (N.D. Iowa 2006) (collecting cases), permitting such subsequent verification in order to prove causation in this case would appear to be futile.  Within Mr. Tregillis's report, he notes that he is "unable to analyze whether Anova's sales were actually made to King Tuna customers and whether they were sourced from Philippine Kingsford."  (Crowell Decl. Exh. J at 30.)

(Order at 10.)

The Court also noted an additional, independent ground for excluding Mr. Tregallis's report:

> Finally, Anova has noted that Mr. Tregillis, including his report, was not disclosed as an expert in this case pursuant to Fed. R. Civ. P. 26(a)(2)(A)-(B) and therefore must be excluded pursuant to Fed. R. Civ. P. 37(c).  King Tuna has not

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7451 ODW (JWJx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | *King Tuna, Inc. v. Anova Food, Inc.* | | |

> demonstrated that this non-disclosure was "substantially justified," and the Court is certainly unwilling to find that its omission is harmless. Fed. R. Civ. P. 37(c). Anova's objections to the admissibility of Mr. Tregillis's report are therefore SUSTAINED.

(Order at 10.)

By its Motion, King Tuna does not dispute the propriety of the Court's finding to the extent it was based upon the fact that the report was not sworn. *See* (Mot. at 7 ("King Tuna does not dispute the Court's finding [that] the Tregillis Report was inadmissible to oppose summary judgment.")). In that regard, the Court's prior order limiting the remedies available to King Tuna remains in effect and is not being reconsidered here. Instead, King Tuna asks that the Court "reconsider its decision to exclude expert witness, Mr. Christian Tregillis . . . and his damages report *to the extent the Court's decision was based on the belief that Mr. Tregillis 'was not disclosed as an expert in this case pursuant to Fed. R. Civ. P. 26(a)(2)(A)-(B).'*" (Mot. at 2) (quoting Order at 10) (emphasis added). In other words, King Tuna requests that the Court's Order be reconsidered to the extent it precludes King Tuna, under Fed. R. Civ. P. 37, from offering, at trial, Mr. Trigillis's report for the purpose of proving disgorgement and entitlement to injunctive relief. For the reasons discussed briefly below, King Tuna's Motion in that regard is GRANTED.

In support of its request, King Tuna notes that contrary to Anova's assertions and objections in its summary judgment reply papers, Mr. Tregillis, and his report, were disclosed–albeit forty-one minutes late–under Rule 26. (Reply at 3-4.) What is more, Anova, in opposition, states that its initial objection to King Tuna's alleged failure to disclose Mr. Tregillis's preliminary report was made in error. Rather, what Anova insists it meant to object to was that the promised, final report had not yet been produced; not that Mr. Tregillis himself was never disclosed or that his preliminary report was never produced.[2] Surely, then, Anova can see how significant these differences actually are. On the one hand, a *complete, unexplained failure* to disclose and produce experts and accompanying reports pursuant to Rule 26 would, barring very substantial justification, justify Rule 37 exclusion for all purposes, including trial. On the other hand, a forty-one minute *untimely* Rule 26 disclosure would, more often than not, be

---

[2] Anova objected to Mr. Tregillis's report as follows: "Improper expert opinion. FRE 702. *Report and underlying evidence not produced* in response to FRCP Rule 26, Anova's Document Requests, or 9/11/08 Court Order. FRCP 37(c)(1); 37(b)(2) and (d)." (Emphasis added.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7451 ODW (JWJx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | *King Tuna, Inc. v. Anova Food, Inc.* | | |

harmless.[3]  These facts–King Tuna's disclosure of Mr. Tregallis and its preliminary report and Anova's improper objection–were not discovered until after the Court rendered its January 28, 2009 decision.  Had they been known, the Court would have concluded, as it does today, that such a small delay in King Tuna's Rule 26 disclosure was harmless and does not, under Rule 37(c), preclude King Tuna from offering at trial those portions of Mr. Tregillis's report capable of proving King Tuna's available remedies.[4]  Accordingly, the Court's January 28, 2009 Order shall not be read to exclude, at trial and subject to objection, those portions of Mr. Tregillis's report which may support King Tuna's claim for disgorgement or its entitlement to injunctive relief.  Because King Tuna has carried its burden under Local Rule 7-18, its Motion for Reconsideration is therefore GRANTED for the limited purposes expressed in this Order.[5]

**Anova's Ex Parte Application to Continue Pretrial and Trial Dates**

Anova has moved *ex parte*, or in the alternative on five days notice pursuant to Local Rule 16-9, to continue the March 16, 2009 pretrial conference and April 7, 2009 trial dates.  For the reasons stated on the record at the March 9, 2009 hearing, Anova's application is GRANTED.  Each party shall file no later than March 23, 2009, further briefing, not to exceed

---

[3] Anova's objections to, among other things, the authenticity of the email disclosing Mr. Tregillis as an expert and attaching his report are overruled.

[4] It should be noted that Mr. Tregillis's expert report has since been sworn to.

[5] The Court is aware that its ruling today may do nothing more than elevate form over substance.  Nowhere does it appear that Mr. Tregillis has supplemented the subject preliminary report or has otherwise provided a "final" report to be used at trial.  Thus, unless things have changed, the same reasons underscoring the Court's "futility" argument in its prior Order–namely, the inconclusive nature of the report–would suggest that King Tuna would face an uphill battle in proving its entitlement to disgorgement at trial.  That, however, is not for the Court to decide at this time.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-7451 ODW (JWJx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | *King Tuna, Inc. v. Anova Food, Inc.* | | |

five (5) pages in length, on the issue of whether King Tuna's remaining claims are to be tried by the court or by jury. Any opposition, not to exceed four (4) pages in length, shall be filed by March 30, 2009. No reply briefs shall be filed.

**IT IS SO ORDERED.**

|  |  | -- | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | RGN | | |